# IN THE SUPREME COURT OF THE STATE OF NEVADA

RAUL DIAZ,
Appellant,
vs.
BRIAN WILLIAMS, WARDEN,
Respondent.

No. 76194

FILED

FEB 20 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying Raul Diaz's postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

Diaz argues that the district court erred in denying his petition, which asserted that he was entitled to have the credits he earns under NRS 209.4465 applied to the minimum term of his sentence as provided in NRS 209.4465(7)(b). In particular, Diaz takes issue with the district court's reliance on NRS 209.4465(8)(d), which provides an exception to NRS 209.4465(7)(b) for category B felonies, and he argues that applying NRS 209.4465(8)(d) results in a double-jeopardy violation.[2]

---

[1]Having considered the pro se brief filed by Diaz, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

[2]Diaz also refers to a due-process violation, but it appears that he mentions the Due Process Clause of the Fourteenth Amendment only to the extent that the Double Jeopardy Clause applies to the States through the Due Process Clause of the Fourteenth Amendment. *See Benton v. Maryland,* 395 U.S. 784, 794 (1969).

Supreme Court
OF
Nevada

(O) 1947A

19-07836

We reject the double-jeopardy argument for two reasons. First, Diaz did not raise it below. Rather, he argued below that applying NRS 209.4465(8)(d) would violate the Ex Post Facto Clause, an argument that clearly lacks merit because he committed the offenses at issue *after* the effective date of NRS 209.4465(8)(d), *see Weaver v. Graham*, 450 U.S. 24, 29 (1981) (explaining that one of the two "critical elements [that] must be present for a criminal or penal law to be *ex post facto* [is that] it must be retrospective, that is, it must apply to events occurring before its enactment"). Because Diaz did not raise the double-jeopardy argument below, we need not address it. *See Ford v. Warden*, 111 Nev. 872, 884, 901 P.2d 123, 130 (1995) (observing that appellant in postconviction case could not "change [the] theory underlying an assignment of error on appeal"). Second, even if the petition filed below could be read to raise the double-jeopardy argument, that argument lacks merit. Although Diaz is correct that the Double Jeopardy Clause protects against multiple punishments for the same offense, *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989), NRS 209.4465(8)(d) does not impose an additional punishment for Diaz's convictions. Rather, the statute simply requires that he serve the entirety of the minimum term of his sentence, without any deduction for statutory credits, before he will be eligible for parole.

Because Diaz does not dispute the district court's finding that he is serving a sentence for a category B felony that was committed after the 2007 amendments to NRS 209.4465, we agree with the district court that Diaz's statutory credits could not be applied to the minimum term of his sentences. NRS 209.4465(8)(d); *Williams v. Nev., Dep't of Corr.*, 133 Nev., Adv. Op. 75, 402 P.3d 1260, 1264 n.6 (2017) (noting NRS 209.4465(8)'s

limitation on NRS 209.4465(7)(b) for certain offenses committed after the effective date of the 2007 amendments). We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:     Hon. Linda Marie Bell, Chief Judge
        Raul Diaz
        Attorney General/Carson City
        Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A